**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**SHREVEPORT DIVISION**

| | |
|---|---|
| **ALONZO E. ALLEN** | **CIVIL ACTION NO. 16-1514-P** |
| **VERSUS** | **JUDGE FOOTE** |
| **DR. PAMELA HEARNS, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

**REPORT AND RECOMMENDATION**

Alonzo E. Allen ("Plaintiff") is incarcerated at the David Wade Correctional Center in Homer, Louisiana. He filed a civil rights complaint against Dr. Pamela Hearns, the David Wade Correctional Center Staff, Bruce Fuller, Michelle Norris, Paula Millwee, L. Hamilton, Jeffery Jackson, Tammy Poole, Col. Evans, Captain Reinhart, Deborah Cody, Bill Martin, Joel Williams, Captain Kimble, Captain Hamilton, Warden Goodwin, Captain Riche, and T. Harris. He claims he was denied adequate medical treatment.

Plaintiff filed a motion for temporary restraining order (Doc. 12). He asks that the court enjoin the Warden and his staff from their illicit acts and transfer him to another facility. He also seeks medical treatment. In support of his motion, Plaintiff claims he was issued a rule violation report for violating DOPP rule #28. He claims he was found guilty of the offense. He claims he was not guilty of refusal. He claims he was unable to keep up with the work line because his hemorrhoids were swollen and bleeding. He claims he has filed numerous sick call complaints regarding his hemorrhoids. He claims he is being

targeted because of the grievances he has filed. Plaintiff claims he is being punished and denied adequate medical treatment in order to retaliate against him.

Rule 65 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> (b) A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified compliant that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party's attorney can be heard in opposition...

The allegations in this complaint do not present a substantial threat of irreparable injury absent a restraining order. The claims are typical prison complaints and are capable of ready resolution through the ordinary litigation process. The allegations in this motion do not present a substantial likelihood of success on the merits. Plaintiff has not exhausted his administrative remedies regarding these allegations prior to filing this complaint. The issuance of such extraordinary relief is not appropriate at this time.

Accordingly;

**IT IS RECOMMENDED** that motion for temporary restraining order (Doc. 12) be **DENIED** and the motion for expedited consideration (Doc. 13) be **DENIED** as moot.

## OBJECTIONS

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed.R.Civ.P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are

directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen(14) days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this the 25th day of August, 2017.

Mark L. Hornsby
U.S. Magistrate Judge